## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

CATALUS CAPITAL USVI, LLC; VVS, )
LLC,                             )
                                 )
              Plaintiff,         )
                                 )    Civil No. 2017-17
         v.                      )
                                 )
                                 )
THE SERVICEMASTER COMPANY, LLC;  )
THE TERMINIX INTERNATIONAL       )
COMPANY LIMITED PARTNERSHIP;     )
TERMINIX INTERNATIONAL USVI,     )
LLC,                             )
                                 )
              Defendants.        )
_____)

ATTORNEYS:

**Harvey W. Gurland**
**Julian Antony Jackson-Fannin**
**Miles L. Plaskett**
Duane Morris LLP
Miami, FL
     *For Catalus Capital USVI, LLC, and VVS, LLC,*

**Kevin A. Rames**
Law Offices of Kevin A. Rames, P.C.
St. Thomas, U.S.V.I.
     *For The ServiceMaster Company, LLC, The Terminix*
     *International Company Limited Partnership, and Terminix*
     *International USVI, LLC.*

## ORDER

GÓMEZ, J.

Before the Court is the motion to dismiss for lack of

personal jurisdiction filed by The ServiceMaster Company, LLC,

The Terminix International Company Limited Partnership, and

Terminix International USVI, LLC (collectively, the "Terminix

defendants").

Federal Rule of Civil Procedure 12 ("Rule 12") allows a

defendant to "assert the following defenses by motion: (1) lack

of subject-matter jurisdiction; (2) lack of personal

jurisdiction; (3) improper venue; (4) insufficient process; (5)

insufficient service of process; (6) failure to state a claim

upon which relief can be granted; and (7) failure to join a

party under Rule 19." Fed. R. Civ. P. 12(b). A motion raising

one of these defenses "may be joined with any other motion

allowed by this rule." Fed. R. Civ. P. 12(g)(1). Subject to

certain exceptions not relevant here,[1] "a party that makes a

motion under this rule must not make another motion under this

rule raising a defense or objection that was available to the

party but omitted from its earlier motion." Fed. R. Civ. P.

12(g)(2). Thus, a party waives an available defense of lack of

personal jurisdiction that was not included in the party's first

Rule 12(b) motion. *See* Fed. R. Civ. P. (h)(1); *see also*

---

[1] Lack of subject-matter jurisdiction may be raised at any time. *See* Fed. R. Civ. P. 12(h)(3). "Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised (A) in any pleading allowed or ordered under Rule 7(a);(B) by a motion under Rule 12(c); or (C) at trial." Fed. R. Civ. P. 12(h)(2).

*Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998) ("The requirement that a court have personal jurisdiction is a due process right that may be waived either explicitly or implicitly.").

Here, at 6:19 P.M. on August 15, 2017, the Terminix defendants filed a joint motion to dismiss for (1) failure to state a claim under Rule 12(b)(6); and (2) lack of subject-matter jurisdiction under Rule 12(b)(1). Later that day, at 7:07 P.M., Terminix filed a second motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2). There is no indication that a lack of personal jurisdiction defense only became available 48 minutes after the Terminix defendants filed their first motion to dismiss. Accordingly, the Terminix defendants have waived their personal jurisdiction defense. *Cf. Chyba v. Bayview Loan Servicing, LLC*, No. 14-CV-1415-BEN BLM, 2015 WL 4523265, at *2 (S.D. Cal. July 23, 2015) ("Defendants' motion under Rule 12(b)(2) and (3) is improper because the defenses of improper venue and lack of personal jurisdiction were available to Defendants at the time they brought their first Rule 12 motion.").

The premises considered, it is hereby

**ORDERED** that the motion to dismiss docketed at ECF Number

18 is **DENIED.**

S\_____
　　**CURTIS V. GÓMEZ**
　　**District Judge**