**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

CATALUS CAPITAL USVI, LLC; VVS, )
LLC,                              )
                                  )
            Plaintiff,            )
                                  )    Civil No. 2017-17
            v.                    )
                                  )
                                  )
THE SERVICEMASTER COMPANY, LLC; )
THE TERMINIX INTERNATIONAL        )
COMPANY LIMITED PARTNERSHIP;      )
TERMINIX INTERNATIONAL USVI,      )
LLC,                              )
                                  )
            Defendants.           )
                                  )

ATTORNEYS:

**Harvey W. Gurland**
**Julian Antony Jackson-Fannin**
**Miles L. Plaskett**
Duane Morris LLP
Miami, FL
    *For Catalus Capital USVI, LLC, and VVS, LLC,*

**Kevin A. Rames**
Law Offices of Kevin A. Rames, P.C.
St. Thomas, U.S.V.I.
    *For The ServiceMaster Company, LLC, The Terminix*
    *International Company Limited Partnership, and Terminix*
    *International USVI, LLC.*

<u>**ORDER**</u>

**GÓMEZ, J.**

        Before the Court is the motion of The ServiceMaster

Company, LLC, The Terminix International Company Limited

Partnership, and Terminix International USVI, LLC., to dismiss for failure to state a claim.

## I. FACTUAL AND PROCEDURAL HISTORY

Sirenusa Luxury Residences ("Sirenusa") is a 22-villa condominium community located on St. John, United States Virgin Islands. Catalus Capital USVI, LLC, ("Catalus") owns 12 villas at Sirenusa. VVS, LLC, ("VVS") owns 4 villas at Sirenusa. Catalus and VVS's villas are managed by Sea Glass Vacations, LLC ("Sea Glass"). Terminix International USVI, LLC, ("Terminix USVI") is a limited liability company that provides residential and commercial pest control services in the United States Virgin Islands. The Terminix International Company, LP, ("Terminix LP") manages and oversees Terminix USVI's operations. The ServiceMaster Company, LLC, ("ServiceMaster") is the parent corporation of Terminix LP and is the parent corporation of the the sole member and manager of Terminix USVI.

On three occasions in 2014 and 2015, Sea Glass contracted with Terminix USVI to provide fumigation services at Sirenusa. Terminix USVI fumigated villas at Sirenusa with a pesticide called methyl bromide. Methyl bromide is designated as a "Restricted Use Pesticide" by the Environmental Protection Agency. *See* ECF No. 1 at ¶ 17. It is not approved for indoor

use. Methyl Bromide is "highly toxic." *See id.* at ¶ 16. Exposure "can cause significant injury to humans." *See id.* at ¶ 17. Catalus and VVS allege that Terminix USVI "induced" Sea Glass to allow Terminix to use methyl bromide by "concealing its use of methyl bromide at Sirenusa and/or falsely stating it intended to use or used a legal alternative pesticide." *See id.* at ¶¶ 38-39.

On March 18, 2015, the Esmond family was vacationing in a villa at Sirenusa. That day, Terminix USVI fumigated the villa below the Esmonds' villa. "[T]he Esmonds were exposed to high levels of methyl bromide and began to exhibit symptoms of severe poisoning." *See id.* at ¶ 32. The Esmonds were airlifted to a mainland hospital. They survived, but months later, the Edmonds continued to suffer serious symptoms.

The story of the Esmond's poisoning was picked up by several news outlets and "Sirenusa received widespread negative media coverage." *See id.* at ¶ 33. Catalus and VVS allege that, as a result, they "suffer[ed] significant economic losses, including . . . diminished property values; reservation cancellations and deposit refunds; service contract cancellations; loss of future business opportunities . . . ; and loss and delay of the returns on their investment in acquiring villas at Sirenusa." *See id.* at ¶ 35.

On March 10, 2017, Catalus and VVS filed a complaint against Terminix USVI, Terminix LP, and Service Master. Catalus and VVS allege two federal claims: (1) a civil claim for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); and (2) a civil RICO conspiracy claim. Catalus and VVS also allege six territorial claims: (1) a claim for violation of the Virgin Islands Consumer Protection Law of 1973; (2) a negligence claim; (3) a gross negligence claim; (4) a negligence per se claim; (5) a claim for strict liability; and (6) a private nuisance claim.

On August 15, 2017, Terminix USVI, Terminix LP, and ServiceMaster moved to dismiss the complaint for failure to state a claim.

## II. DISCUSSION

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker,* 363 F.3d 229, 233 (3d Cir. 2004).

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007).

The Supreme Court in *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of "entitlement of relief." ' " *Id.* (citing *Twombly,* 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal,* 556 U.S. at 674, 679).

## III. ANALYSIS

### A. 18 U.S.C. § 1962(c) Claims

The Racketeer Influenced and Corrupt Organizations Act ("RICO") makes it a criminal offense "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c) ("Section 1962"). "Racketeering activity" means, among other things, any act punishable under 18 U.S.C. § 1341 (mail fraud) or 18 U.S.C. § 1343 (wire fraud). 18 U.S.C. § 1961(1). A "pattern of racketeering" requires two or

more acts of racketeering within a ten-year period. *See* 18

U.S.C. § 1961(5).

Section 1964, title 18, of the U.S. Code ("Section 1964")

provides a civil remedy for victims of racketeering activity.

That statute provides, in relevant part:

> Any person injured in his business or property by
> reason of a violation of section 1962 of this
> chapter may sue therefor in any appropriate United
> States district court and shall recover threefold
> the damages he sustains and the cost of the suit,
> including a reasonable attorney's fee, except that
> no person may rely upon any conduct that would have
> been actionable as fraud in the purchase or sale of
> securities to establish a violation of section
> 1962.

18 U.S.C. § 1964(c). "To plead a [civil] RICO claim under §

1962(c), 'the plaintiff must allege (1) conduct (2) of an

enterprise (3) through a pattern (4) of racketeering activity'"

(5) that caused an injury to the plaintiff's business or

property. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d

300, 362 (3d Cir. 2010) (quoting *Lum v. Bank of Am.,* 361 F.3d

217, 223 (3d Cir.2004)).

Catalus and VVS allege wire and mail fraud as the predicate

RICO offenses for their claims. "Where acts of mail and wire

fraud constitute the alleged predicate racketeering acts, those

acts are subject to the heightened pleading requirement of

[Federal] Rule [of Civil Procedure] 9(b)" ("Rule 9(b)"). *Warden v. McLelland*, 288 F.3d 105, 114 (3d Cir. 2002).

Rule 9(b) provides that, "[i]n alleging fraud . . . , a party must state with particularity the circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "A party can meet the requirements of Rule 9(b) by pleading the 'date, place or time of the fraud,' and the party 'also must allege who made a misrepresentation to whom and the general content of the misrepresentation.'". *Holst v. Oxman*, 290 Fed. App'x 508, 510 (3d Cir. 2008) (quoting *Lum v. Bank of Am.,* 361 F.3d 217, 224 (3d Cir.2004)). Further, to adequately plead a fraud claim, a plaintiff must "explain why the statements were fraudulent." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 99 (2d Cir.2007); *see also Unlimited Holdings, Inc. v. Bertram Yacht*, Inc., No. CIV. 2005-46, 2008 WL 2789217, at *1–2 (D.V.I. July 16, 2008) ("Allegations of misrepresentation must also describe why or how the representations were false when they were made.").

Here, Catalus and VVS allege that "employees of Terminix USVI," *see* ECF No. 1 at ¶ 38, or more broadly "Terminix and Terminix USVI," *see id.* at ¶¶ 46, 64, made misrepresentations to

Sea Glass by concealing the use of methyl bromide or stating they intended to use a different pesticide. Significantly, Catalus and VVS do not allege the date or time of these alleged misrepresentations or the places the misrepresentations were made. Further, Catalus and VVS do not identify either the Terminix employees who made the misrepresentations or the Sea Glass employees who received them. *Cf. Rawson Food Servs., Inc. v. TD Bank, N.A.*, No. CIV.A. 13-3084 MAS, 2014 WL 809210, at \*4 (D.N.J. Feb. 28, 2014) (applying Rule 9(b) and noting that "[t]he Complaint also fails to disclose any information as to the identities of the [company] employees who made the alleged misrepresentations"). Accordingly, these allegations fail to comply with the particularity requirements of Rule 9(b).

Catalus and VVS also point to several statements that appeared on websites maintained by Terminix LP and Terminix USVI. Specifically, Catalus and VVS allege that Terminix LP and Terminix USVI stated on their websites that (1) they "staffed 'experienced' and/or 'trained' pest control 'professionals' and h[eld] themselves out to be 'the leading pest control provider in the world'"; (2) their "'home fumigation ('tenting') process' [w]as 'a complete and effective treatment' and omitting that it used methyl bromide as a fumigant"; and (3) they used

"ecological . . . sensitive products that revert to inert

ingredients in a short period of time." *See* ECF No. 1 at 64b.

Catalus and VVS failed, however, to allege anything to explain

why these statements were fraudulent.  Accordingly, these

allegations too fail to comply with the particularity

requirements of Rule 9(b).

### B. 18 U.S.C. § 1962(d)

Section 1962(d) provides that "[i]t shall be unlawful for

any person to conspire to violate any of the provisions of

subsections (a), (b), or (c) of this section." 18 U.S.C. §

1962(d). "Any claim under section 1962(d) based on a conspiracy

to violate the other subsections of section 1962 necessarily

must fail if the substantive claims are themselves deficient."

*Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1191 (3d Cir.

1993); *see also Mierzwa v. Safe & Secure Self Storage, LLC*, 493

Fed. App'x 273, 276 n.3 (3d Cir. 2012). Because the Court has

found Calculus and VVS's Section 1962(c) claim deficient, the

RICO conspiracy claim is deficient as well.

### C. Territorial Claims

Because the Court has dismissed all of the federal claims

in this matter, it is within the Court's discretion whether to

exercise supplemental jurisdiction over the remaining territorial law claims. *See* 28 U.S.C. 1367(c); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("it has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right"). The decision whether or not to exercise supplemental jurisdiction is based upon "a host of factors, . . . including the circumstances of the particular case, the nature of the state law claims, the character of the governing  state law, and the relationship between the state and federal claims." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997) (citation omitted). A court should also consider "the values of judicial economy, convenience, fairness, and comity." *Id.* (citation omitted).

This case was filed on March 10, 2017. It has been pending for a little under a year. The case has advanced only to the stage of motions to dismiss. With regard to discovery, the parties filed discovery memoranda on November 7, 2017. Discovery is in its early stages. Because the case has not progressed very far, the Court will decline to hear those territorial claims alone. *See*, *e.g.*, *City of Pittsburgh Comm'n on Human Rights v. Key Bank USA*, 163 Fed. Appx. 163, 166 (3d Cir. 2006) (explaining

*Catalus Capital USVI, LLC, et al. v. The Service Master Company, LLC, et al.*
Civil No. 2017-17
Order
Page 12

that in *Gibbs* "the Supreme Court noted . . . that when federal

claims are dismissed at an early stage, the exercise of pendent

jurisdiction should be declined."). Accordingly, the Court will

dismiss the remaining territorial claims.

The premises considered, it is hereby

**ORDERED** that the motion to dismiss docketed at ECF Number

17 is **GRANTED**; it is further

**ORDERED** that the complaint of Catalus and VVS is **DISMISSED;**

and it is further

**ORDERED** that, no later than March 17, 2018, Catalus and VVS

may, to the extent they wish to do so, amend their complaint.

Failure to do so may result in the dismissal of their claims

with prejudice.


**S\_____**
      **CURTIS V. GÓMEZ**
      **District Judge**