CATALUS CAPITAL USVI, LLC, *et al.*,  )
                                                    )
          Plaintiffs,  )
                                                    )
          vs.  )         Civil No. 2017-17
                                                      )
THE SERVICEMASTER COMPANY, LLC, *et al.*,  )
                                                    )
          Defendants/Third Party Plaintiffs,  )
                                                    )
          vs.  )
                                                    )
SEA GLASS VACATIONS, LLC,  )
                                                    )
          Third Party Defendants.  )
                                                    )

## ORDER and REPORT AND RECOMMENDATION

Before the Court is Sea Glass Vacations, LLC's ("Sea Glass") Motion *Nunc Pro Tunc* to Strike Third Party Complaint, pursuant to Federal Rule of Civil Procedure 14(a)(4). [ECF 128]. The Servicemaster Company, LLC, The Terminix International Company, LP and Terminix International USVI, LLC (collectively "Terminix") oppose the motion [ECF 130], and plaintiffs Catalus Capital USVI, LLC and VVS, LLC (collectively "Catalus") also responded, supporting the motion to strike [ECF 132]. This matter is also before the Court on several discovery issues relating to the taking of depositions during the week of July 16, 2018.[1]

Sea Glass argues that the Court should strike the third party complaint because Terminix did not seek leave to file it, as required by the Court's Amended Trial Management Order. In addition, because Sea Glass concedes that its motion is untimely because it was filed after the its

---

[1] At a conference on July 9, 2018, the Court ordered the parties to submit their positions with respect to (1) proceeding with depositions on July 16 and thereafter, in light of Sea Glass' recent entry into the case, and (2) the possibility of extending the discovery schedule in certain respects. The parties made their submissions on July 11, 2018. *See* [ECF 127] (Catalus); [ECF 125] (Terminix); [ECF 126] (Sea Glass).

response to the third party complaint was due, Sea Glass asks the Court to deem the motion timely filed, *nunc pro tunc*. [ECF 128]. For its part, Terminix argues that leave was not required prior to filing the third party complaint because it has not yet filed its "original answer." [ECF 130] at 2-3; *see* Fed. R. Civ. P. 14(a)(1). Terminix also asserts that Sea Glass' motion to strike is untimely, and an extension of time to file is not justified. *Id*. at 4. Finally, in support of Sea Glass' motion to strike, Catalus posits that the deadline in the Amended Trial Management Order takes precedence over the language in Rule 14 because it limited, as required under Rule 16, the time for seeking leave to join other parties. [ECF 132] at 2; *see* Fed. R. Civ. P. 16(b)(3)(A). Catalus further observes that a court generally has discretion to refuse to allow joinder under Rule 14(a). *Id*. at 3.

## PROCEDURAL BACKGROUND

The initial complaint was filed on March 10, 2017. On November 7, 2017,[2] this Court held a scheduling conference and entered a Trial Management Order ("TMO") setting a schedule for this matter. [ECF 40]. At that conference, the parties discussed the possibility of Sea Glass being added as a party, and the Court's TMO provided "[t]he deadline for seeking leave to add new parties is March 1, 2018." *Id*. at ¶ 2.

The parties thereafter engaged in extensive written discovery. On March 7, 2018, the District Court granted Terminix' first motion to dismiss [ECF 60]. Catalus filed an amended complaint on March 16, 2018. [ECF 61].[3] On March 22, 2018, the Court granted the parties'

---

[2]     The Rule 16 scheduling conference was delayed several times, in part because of the passage of Hurricanes Irma and Maria in September 2017.

[3]     Significantly, both the original and amended complaints identify Sea Glass, and describe it as plaintiffs' "property manager and agent." [ECF 1] at ¶ 28; [ECF 61] at ¶ 28.

joint motion to modify the date mediation was scheduled to begin.   [ECF 66].

At a status conference on May 21, 2018, after a mediation session on May 2, the parties reported that they needed to do additional fact discovery to improve the chances that the matter would resolve in mediation.   The Court cautioned that neither the dispositive motion filing deadline, nor the trial date, would be moved.   The parties proposed submitting a revised schedule for consideration.   [ECF 87].

The next day, the parties filed a Joint Motion to Amend the Trial Management Order. [ECF 89].   In the motion, they highlighted the fact that they wished to extend the time to add new parties.   *Id*.   Paragraph 2 of the proposed order provided that the "time for seeking leave to add new parties is May 30, 2018."   [ECF 89-1].   In granting the motion, the Court noted that the issue of new parties had not been brought up at the May 21, 2018, status conference, and stated that "if new parties are sought to be added, it will be done promptly."   [ECF 90].   On May 30, 2018, without seeking leave, Terminix filed the third party complaint [ECF 93], and served it on Sea Glass on June 12, 2018 [ECF 120].[4]

Counsel for Sea Glass appeared on June 29, 2018, and on July 2, 2018, filed a motion for a Rule 16 conference and for guidance on nine depositions that had been scheduled to take place the week of July 16, 2018 (the "July 16 depositions").[5]   The fact discovery period was, at that time, set to close on July 31, 2018.   [ECF 112].   The Court scheduled a conference for July 9,

---

[4]     Because Terminix had not previously filed proof of service on Sea Glass, on July 10, 2018, the Court ordered the parties to inform the Court of the date on which Sea Glass had been served.   [ECF 116].

[5]     The scheduled depositions included the 30(b)(6) depositions of each of the parties, as well as depositions of three individuals who were former employees of Terminix.   These were apparently all of the fact depositions the original parties intended to take.

and required the parties to confer on a revised schedule.   [ECF 113].

During the July 9 conference, it became apparent that the parties could not agree on the appropriate way to proceed.   In particular, they disagreed about whether the fact discovery deadline should be extended and the July 16 depositions rescheduled.   Catalus argued that the July 16 depositions took many weeks and great effort to arrange, and insisted they proceed as scheduled.   Catalus further stated it would not object to allowing an extension of the fact discovery period solely to permit Sea Glass to re-depose Terminix's corporate representatives, if needed. *See* [ECF 127].   Terminix argued that (1) the July 16 depositions should be postponed, (2) the discovery schedule should be extended, and (3) Sea Glass should not be permitted to retake any depositions.   [ECF 125].   Sea Glass contends that is has insufficient time to prepare for the July 16 depositions if they go forward as scheduled.   [ECF 126].[6]   Sea Glass has not had an opportunity to review written discovery already exchanged, or to propound its own discovery, and on July 10, 2018, Terminix "supplemented" its earlier discovery responses with 12,000 additional documents.   *Id*; *see also* [ECF 127] at 4 (Catalus observed this volume of documents is about ten times more than Terminix's original productions).   On July 11, 2018, Sea Glass filed its motion to strike.

## ANALYSIS

This Court recently held that it was proper to strike a third party complaint when it was filed, without leave, more than 14 days after the third party plaintiff served its original answer. *McAlarney v. Roy's Constr., Inc*., 2018 U.S. Dist. LEXIS 20647, at *7 (D.V.I. Feb. 8, 2018)

---

[6]       During the conference and in its submission, Sea Glass also noted that the claims against it may well be subject to arbitration.   *See* [ECF 126-1] (example Terminix invoice).

(observing that where leave to file is required and not sought, "the failure to seek such leave renders the pleading a legal nullity"). *See also Evans v. Allen-Williams Corp.*, 1997 U.S. Dist. LEXIS 3256, at *n.3 (D.V.I. Mar. 6, 1997) (court has discretion to strike third party complaint filed without leave). This case presents a different question, however, in that Terminix has not yet, despite the passage of almost a year and a half since the complaint was filed, served an answer.[7] The question presented, therefore, is what discretion, if any, does the Court have with respect to addressing whether and how the third party complaint may be pursued?

This Court is mindful of the admonition in Federal Rule of Civil Procedure 1 that the rules "should be construed, administered and employed by the court and the parties to secure the just, speedy and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. To that end, the Court agrees with Catalus that by putting in place in place its modified TMO, the Court under Rule 16(3)(A) was permitted - indeed required - to set a deadline for joining other parties. And, the Court's TMO mandated that leave be sought to file a third party complaint. Here, if the language of the TMO controls, because Terminix did not seek leave, its third party complaint is subject to being stricken.

However, if the language of Rule 14(a)(1) controls, and Terminix did not need leave because it has not yet "answered," the Court is not without discretion to otherwise control its docket and manage this case. As the comments to Rule 14 make clear, a court has discretion to strike a third party claim, sever it, or accord it a separate trial under certain circumstance. *See* Fed. R. Civ. P. 14, comments to 1963 Amendment; *Reynolds v. Rick's Mushroom Serv., Inc.* 2006

---

[7]     On April 14, 2018, Terminix moved to dismiss the Amended Complaint [ECF 77], and that motion remains pending.

WL 2380400, at *2 (E.D. Pa Aug. 15, 2006).

In this case, the Court notes that it has twice extended the schedule and has made it clear to the parties that certain dates are not subject to alteration. Since at least March of 2017, Terminix has been aware of the role that Sea Glass may have had in the events underlying this matter, and it should therefore have acted with greater diligence in seeking to add it as a party. Although the letter of the Court's latest schedule permitted defendants to seek to add other parties as late as May 30, 2018, that does not mean the Court must automatically allow such joinder to wholly disrupt the proceedings, especially if prejudice to the plaintiff could result.

Accordingly, the premises considered, it is hereby ORDERED:

1.      The motion to strike is DENIED.

2.      Unless otherwise agreed by all parties, the July 16 depositions shall proceed as scheduled, and Sea Glass shall have until September 15, 2018, to retake the deposition of any party's representative, should it so choose.[8]

3.      This Court shall RECOMMEND to the District Court that it sever the third party claims, or order separate trials under Federal Rule of Civil Procedure 42(b), to avoid prejudice.


**Dated:** July 13, 2018                    S_____

                                                      **RUTH MILLER**
                                                 United States Magistrate Judge

---

[8]      The Court notes that Sea Glass has stated it will seek to arbitrate the claims against it.  [ECF 126].  If that is the case, Sea Glass may decide not to participate in depositions to preserve its right to seek arbitration.  *See, e.g., Nat'l Fin. Partners Corp v Cunning*, 2009 WL 1939818, at*6 (D.V.I. July 27, 2009) (noting that a party may waive a right to arbitrate if it participates in extensive discovery).