DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

```
CATALUS CAPITAL USVI, LLC; VVS,  )
LLC,                              )
                                  )
           Plaintiff,             )
                                  )    Civil No. 2017-17
     v.                           )
                                  )
                                  )
THE SERVICEMASTER COMPANY, LLC;   )
THE TERMINIX INTERNATIONAL        )
COMPANY LIMITED PARTNERSHIP;      )
TERMINIX INTERNATIONAL USVI,      )
LLC,                              )
                                  )
           Defendants.            )
                                  )
```

ATTORNEYS:

**Harvey W. Gurland**
**Julian Antony Jackson-Fannin**
**Miles L. Plaskett**
Duane Morris LLP
Miami, FL
    *For Catalus Capital USVI, LLC, and VVS, LLC,*

**Kevin A. Rames**
Law Offices of Kevin A. Rames, P.C.
St. Thomas, U.S.V.I.
    *For The ServiceMaster Company, LLC, The Terminix*
    *International Company Limited Partnership, and Terminix*
    *International USVI, LLC.*

**MEMORANDUM OPINION**

**GÓMEZ, J.**

Before the Court is the motion of The ServiceMaster Company, LLC, The Terminix International Company Limited Partnership, and Terminix International USVI, LLC., to dismiss for failure to state a claim.

## I.     FACTUAL AND PROCEDURAL HISTORY

Sirenusa Luxury Residences ("Sirenusa") is a 22-villa condominium community located on St. John, United States Virgin Islands. Catalus Capital USVI, LLC, ("Catalus") owns 12 villas at Sirenusa. VVS, LLC, ("VVS") owns 4 villas at Sirenusa. Catalus and VVS's villas are managed by Sea Glass Vacations, LLC ("Sea Glass"). Terminix International USVI, LLC, ("Terminix USVI") is a limited liability company that provides residential and commercial pest control services in the United States Virgin Islands. The Terminix International Company, LP, ("Terminix LP") manages and oversees Terminix USVI's operations. The ServiceMaster Company, LLC, ("ServiceMaster") is the parent corporation of Terminix LP. ServiceMaster is also the parent corporation of SerticeMaster International Holdings, Inc., the sole member and manager of Terminix USVI.

On three occasions in 2014 and 2015, Sea Glass contracted with Terminix USVI to provide fumigation services at Sirenusa. Terminix USVI fumigated villas at Sirenusa with methyl bromide. Methyl bromide is designated as a "Restricted Use Pesticide" by the Environmental Protection Agency. (*See* Amended Complaint; ECF No. 61 at ¶ 16.) It is not approved for indoor use. Methyl Bromide is "highly toxic." (*Id.* at ¶ 15.) Exposure "can cause significant injury to humans." (*Id.* at ¶ 16.) Catalus and VVS

allege that Terminix USVI "induced" Sea Glass to allow Terminix to use methyl bromide "through deceptive acts, misrepresentations, and omissions". (*Id.* at ¶ 41.)

On March 18, 2015, the Esmond family was vacationing in a villa at Sirenusa. That day, Terminix USVI fumigated the villa below the Esmonds' villa. "[T]he Esmonds were exposed to high levels of methyl bromide and began to exhibit symptoms of severe poisoning." (*Id.*at ¶ 32.) The Esmonds were airlifted to a mainland hospital. The Esmonds continue to suffer serious symptoms.

The Esmond's exposure to methyl bromide and the injuries they sustained were reported by several news outlets. Sirenusa also was the subject of related widespread media coverage. Catalus and VVS allege that, as a result, they "suffer[ed] significant economic losses . . . including . . . diminished property values; reservation cancellations and deposit refunds; service contract cancellations; [and] loss of future business opportunities." (*Id.* at ¶ 34.)

On March 10, 2017, Catalus and VVS filed a complaint against Terminix USVI, Terminix LP, and ServiceMaster. Catalus and VVS allege two federal claims against Terminix USVI, Terminix LP, and ServiceMaster: (1) a civil claim for violation of the Racketeer Influenced and Corrupt Organizations Act

("RICO"); and (2) a civil RICO conspiracy claim. Catalus and VVS also allege six territorial claims against Terminix USVI, Terminix LP, and ServiceMaster: (1) a claim for violation of the Virgin Islands Consumer Protection Law of 1973; (2) a negligence claim; (3) a gross negligence claim; (4) a negligence per se claim; (5) a claim for strict liability; and (6) a private nuisance claim.

On August 15, 2017, Terminix USVI, Terminix LP, and ServiceMaster moved to dismiss the complaint for failure to state a claim. The Court granted the motion. The Court also granted Catalus and VVS leave to file an amended complaint. Catalus and VVS timely filed an amended complaint (the "amended complaint"). Terminix USVI, Terminix LP, and ServiceMaster now move to dismiss the amended complaint for failure to state a claim.

## II. DISCUSSION

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable

inferences in favor of the non-moving party. *Alston v. Parker,* 363 F.3d 229, 233 (3d Cir. 2004).

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007).

The Supreme Court in *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of

"entitlement of relief." ' " *Id.* (citing *Twombly,* 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal,* 556 U.S. at 674, 679).

### III. ANALYSIS

#### A. 18 U.S.C. § 1962(c) Claims

In Count One of the amended complaint, Catalus and VVS allege a violation of The Racketeer Influenced and Corrupt Organizations Act ("RICO") against Terminix USVI, Terminix LP, and ServiceMaster. RICO makes it a criminal offense "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c) ("Section 1962").

"Racketeering activity" means, among other things, any act punishable under 18 U.S.C. § 1341 (mail fraud) or 18 U.S.C. § 1343 (wire fraud). 18 U.S.C. § 1961(1). A "pattern of racketeering" requires two or more acts of racketeering within a ten-year period. *See* 18 U.S.C. § 1961(5).

Section 1964, title 18, of the U.S. Code ("Section 1964") provides a civil remedy for victims of racketeering activity. That statute provides, in relevant part:

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee, except that no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962.

18 U.S.C. § 1964(c). "To plead a [civil] RICO claim under § 1962(c), 'the plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity'" (5) that caused an injury to the plaintiff's business or property. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 362 (3d Cir. 2010) (quoting *Lum v. Bank of Am.,* 361 F.3d 217, 223 (3d Cir.2004)).

Catalus and VVS allege that wire fraud and mail fraud are racketeering activities undertaken by Terminix USVI, Terminix LP, and ServiceMaster on two or more occasions. "Where acts of

mail and wire fraud constitute the alleged predicate racketeering acts, those acts are subject to the heightened pleading requirement of [Federal] Rule [of Civil Procedure] 9(b)." *Warden v. McLelland*, 288 F.3d 105, 114 (3d Cir. 2002).

Rule 9(b) provides that, "[i]n alleging fraud . . . , a party must state with particularity the circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "A party can meet the requirements of Rule 9(b) by pleading the 'date, place or time of the fraud,' and the party 'also must allege who made a misrepresentation to whom and the general content of the misrepresentation.'". *Holst v. Oxman*, 290 Fed. App'x 508, 510 (3d Cir. 2008) (quoting *Lum v. Bank of Am.,* 361 F.3d 217, 224 (3d Cir.2004)). Further, to adequately plead a fraud claim, a plaintiff must "explain why the statements were fraudulent." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 99 (2d Cir. 2007); *see also Unlimited Holdings, Inc. v. Bertram Yacht, Inc.*, No. CIV. 2005-46, 2008 WL 2789217, at *1–2 (D.V.I. July 16, 2008) ("Allegations of misrepresentation must also describe why or how the representations were false when they were made.").

With respect to wire fraud, Catalus and VVS have identified the Terminix employees who made the alleged misrepresentations.

They also have identified the Sea Glass employees who received them. Specifically, Catalus and VVS provide agreements and invoices that are allegedly "examples of use of the interstate wires in violation of 18 U.S.C. § 1343." (Amended Complaint at ¶ 67.) For example, Catalus and VVS direct the Court to one agreement dated September 15, 2014, that was sent from Thomas McGrath ("McGrath"), a sales representative and field inspector for Terminix USVI, to David Adams ("Adams"), Sea Glass's principal. (*Id.*)

In an effort to "explain why the statements were fraudulent," *ATSI Commc'ns, Inc.*, 493 F.3d 87, Catalus and VVS generally allege that the agreements "deceptively omit[] the use of methyl bromide and fail[] to state that it was illegal to use that fumigant." (Amended Complaint at ¶ 67.) Catalus and VVS also generally allege that the invoices "deceptively omit[] the use of methyl bromide, fail[] to state that it was illegal to use that fumigant, and fail[] to provide other required information." (*Id.*)

In *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006), the Fifth Circuit addressed a challenge to the sufficiency of a fraud complaint under Rule 9(b). In that case Gerald Carroll ("Carroll") brought an action where he alleged that Fort James Corp. ("Fort James") never disclosed that land

Carroll purchased had once been used to dump hazardous waste. *Id.* at 1172. Fort James moved to dismiss the fraud claims for failure to state a claim. *Id.* at 1173. The district court granted Fort James's motion and dismissed the fraud claims. On appeal, the Fifth Circuit affirmed the district court's order dismissing the fraud claims. The Fifth Circuit explained:

> At common law, misrepresentation made for the purpose of inducing reliance upon the false statement is fraudulent. But one who fails to disclose material information prior to the consummation of a transaction commits fraud only when he is under a duty to do so." *Chiarella v. United States*, 445 U.S. 222, 227-28, 100 S. Ct. 1108, 63 L. Ed. 2d 348 (1980). Unfortunately for the appellants, they failed to allege any facts that, if true, would give rise to a duty of disclosure running from [Defendant] to them. At most, they have offered conclusory allegations that such a duty existed, and that Fort James breached it. Even if this were enough to satisfy Rule 12(b)(6), it is certainly not sufficient to satisfy the heightened particularity requirements of Rule 9(b).

*Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006).

In the instant case, as an initial matter, there is nothing in the record that ever suggests how Terminix's omissions in any of its utterances that methyl bromide was being used induced Catalus and VVS to rely on those statements. Indeed, it is difficult to construe an omission standing alone as fraudulent. *See William Beaumont Hosp. Sys. v. Morgan Stanley & Co., LLC*, 677 F. App'x 979, 984 (6th Cir. 2017) (holding that the plaintiff

failed to state a claim for fraud by omission under Rule 9(b) where the plaintiff did not establish that the defendants had a duty to disclose). Absent an allegation of a misrepresentation by Terminix made for the purpose of inducing Catalus and VVS's reliance, Terminix's omission is of legal consequence only if Terminix had a duty to disclose its use of methyl bromide.

Here, Catalus and VVS have not asserted that there was any legal duty for Terminix to disclose its use of methyl bromide, nor have they directed the Court to any authority imposing such a duty to disclose. Rather, Catalus and VVS generally allege that Terminix's omission made "false representations." (Amended Complaint at ¶ 28.) However, "[w]ithout a duty to disclose, there can be no fraud by omission." *William Beaumont Hosp. Sys.*, 677 F. App'x at 984.

Catalus and VVS seem to argue that every communication, invoice, and agreement contained an implied representation that the service did not use methyl bromide. Catalus and VVS do not cite any legal support for this proposition and the Court is not aware of any. Moreover, "[v]ague allegations of generic misrepresentations or omissions are not sufficient to survive a Rule 12(b)(6) challenge." *Id.* at 983.

To the extent that Catalus and VVS allege that Terminix committed fraud by misrepresentations, the amended complaint

remains problematic. Generally, "fraud by misrepresentation . . . hinges on an affirmative misstatement . . . ." *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 255 (6th Cir. 2012). Nowhere in the amended compliant do Catalus and VVS allege that Terminix made an affirmative misstatement regarding its use of methyl bromide. There is no allegation that Terminix stated that it did not use methyl bromide, or that a Catalus or VVS representative received inaccurate information as to what fumigants would be used. Indeed, the communications that Catalus and VVS cite to in support of their claim seem to accurately reflect the services Terminix provided. For example, the September 15, 2014, agreement from McGrath to Adams referred to the treatment as "fumigation." (Amended Complaint at ¶ 67.) The invoices cited by Catalus and VVS similarly refer to the services provided as "fumigation." (*Id.*) Given that Terminix in fact provided fumigation services, it is unclear why the failure to specifically inform Catalus and VVS that methyl bromide would be used during the fumigation services constitutes wire fraud and mail fraud.

Catalus and VVS also point to several online statements that Terminix made in support of their mail fraud and wire fraud claims. The statements were posted online from "at least" 2013 to 2015 (the "online statements" or "online statement"). (*Id.*)

The first online statement was made on terminix.com and described a "home fumigation ('tenting') process" as "a complete and effective treatment." (*Id.*) The second online statement was made on terminix.com and on terminixusvi.com. It stated that Terminix staffed "experience" and "trained" pest control "professionals" and held Terminix out to be "the leading pest control provided in the world." (*Id.*) The third online statement was made on gotostcroix.com. It stated: "to help protect our beautiful island, we use ecological sensitive products that revert to inert ingredients in a short period of time." (*Id.*)

Catalus and VVS, allege that each of the online statements were "viewed and relied upon." (*Id.*) Significantly, Catalus and VVS do not provide the name of the employee who viewed and relied upon the online statements. Rather, the amended complaint alleges merely that the online statements were viewed and relied upon at some point between 2013 and 2015 by an unknown person.

To state a claim for fraud under Rule 9(b), the plaintiff must state the name of an individual to whom the misrepresentation was made. *Travelers Indem. Co. v. Cephalon, Inc.*, 620 F. App'x 82, 86 (3d Cir. 2015) ("We agree with the District Court that Plaintiffs fail to allege 'the contents of these statements and materials' and do not 'specify when, where, or to whom any sales pitch was made.'"); *Depot, Inc. v. Caring*

*for Montanans, Inc.*, No. 17-35597, 2019 U.S. App. LEXIS 3671, at *44 (9th Cir. Feb. 6, 2019) ("Plaintiffs do not allege the details of these misrepresentations, such as when defendants made them, where or how defendants made them, *to whom they were made*, or the specific contents of the misrepresentations."); *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 253 (6th Cir. 2012) ("Nowhere does it indicate when, where, *or to whom* the alleged misstatement was made. This defect is fatal. The claim may not proceed because [plaintiff's] complaint does not pass muster under Rule 9(b)."); *Curtis Inv. Co., LLC v. Bayerische Hypo-Und Vereinsbank, AG*, 341 F. App'x 487, 494 (11th Cir. 2009) ("[N]or has Curtis alleged the details of which individual appellee-defendant made what particular statement *to whom*, and when. Curtis's allegations are too vague and general to meet the requirements of Rule 9(b), and, therefore cannot support claims for a predicate act of mail or wire fraud.")(emphasis added throughout).

In *Todaro v. Richman*, 170 F. App'x 236, 237 (3d Cir. 2006), for example, the Third Circuit reviewed a district court's order dismissing a civil RICO claim for failure to satisfy the Rule 9(b) pleading requirements. In that case, Frank Todaro ("Todaro") filed a complaint against several public agencies alleging a scheme to "extort money through overcharging child-

support debtors by committing mail, wire, and financial institution fraud . . . ." *Id.* Todaro alleged that a Family Court Hearing Officer falsified Todaro's income, which could amount to fraud. *Id.* at 238. In rejecting that claim, the Third Circuit explained that "Todaro does not allege to whom or when this specific information was mailed or transmitted." *Id.* ("Plaintiffs also must allege who made a misrepresentation to whom and the general content of the misrepresentation.").

Here, it is not enough for Catalus and VVS to simply point to allegedly fraudulent online statements without providing the required specificity. Significantly, in the Court's previous order dismissing this case, the Court stated that "Catalus and VVS do not identify either the Terminix employees who made the misrepresentations or the Sea Glass employees who received them." (Order, ECF No. 59.). It follows that Catalus and VVS were put on notice that in order to state a fraud claim under Rule 9(b), they would need to provide the names of the employees who heard and relied on the alleged misstatements.

Furthermore, it is not clear that Terminix's online statements amount to fraudulent misstatements. The online statement that

> [f]alsely describ[es] its "home fumigation ('tenting') process" as "a complete and effective treatment" and omit[s] that it used methyl bromide

>    as a fumigant and that it was illegal to use that fumigant in residential properties[,]

(Amended Complaint at ¶ 67), repeats Catalus and VVS's fraud by omission argument. It fails for the same reasons outlined above.

The second online statement, that Terminix used experienced and trained pest control professionals, seems to be closer to puffery than fraud. To the extent the statement is puffery, it is not actionable. *See, e.g., Ram Int'l, Inc. v. ADT Sec. Servs.*, 555 F. App'x 493, 501 (6th Cir. 2014)(stating that "in false advertising claims, as in fraud claims, statements of opinion or puffery are not actionable"). Moreover, a fraudulent advertisement must contain a materially false statement. *See United States v. Woods*, 335 F.3d 993, 998 (9th Cir. 2003); *Lustiger v. United States*, 386 F.2d 132, 136 (9th Cir. 1967). It is difficult to view Terminix's statement that it used experienced and trained professionals as a false statement because that statement is objectively true. Indeed, Catalus and VVS allege in their amended complaint that both Rivera and Vasquez were certified applicators under the Federal Insecticide, Fungicide, and Rodenticide Act.

Finally, Terminix's online statement that it uses ecologically sensitive products is the utterance that most closely approaches a materially false statement. However, even

assuming that that online statement is materially false, it alone cannot support a Civil RICO claim. *Grant v. Turner*, 505 F. App'x 107, 111 (3d Cir. 2012) ("A pattern of racketeering activity requires a pleading of at least two predicate acts of racketeering."); *Bonavitacola Elec. Contractor, Inc. v. Boro Developers, Inc.*, 87 F. App'x 227, 231 (3d Cir. 2003) (same). "When a RICO claim is based on predicate acts involving fraud, those predicate acts must be pleaded with particularity, in accordance with Fed. R. Civ. P. 9(b)." *Liquidation Comm'n of Banco Intercontinental, S.A. v. Alvarez Renta*, 530 F.3d 1339, 1355 (11th Cir. 2008); *see also DeMauro v. DeMauro,* No. 99-1589, 2000 U.S. App. LEXIS 2263, at *23 (1st Cir. Feb. 16, 2000) (affirming district court's dismissal of a civil RICO complaint for failure to state a claim when only one predicate act of fraud was pled with particularity as required by Rule 9(b)). Catalus and VVS have not pled any other predicate act with the particularity required by Rule 9(b).

Thus, Catalus and VVS have failed to state a cause of action in Count One of the amended complaint.

### B. 18 U.S.C. § 1962(d)

Section 1962(d) provides that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section." 18 U.S.C. §

1962(d). "Any claim under section 1962(d) based on a conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1191 (3d Cir. 1993); *see also Mierzwa v. Safe & Secure Self Storage, LLC*, 493 Fed. App'x 273, 276 n.3 (3d Cir. 2012). Because the Court has found Catalus and VVS's Section 1962(c) claim deficient, the RICO conspiracy claim is deficient as well.

### C. Territorial Claims

Because the Court has dismissed all of the federal claims in this matter, it is within the Court's discretion whether to exercise supplemental jurisdiction over the remaining territorial law claims. *See* 28 U.S.C. 1367(c); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("it has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right"). The decision whether or not to exercise supplemental jurisdiction is based upon "a host of factors, . . . including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997) (citation omitted). A court should also consider "the values of judicial

economy, convenience, fairness, and comity." *Id.* (citation omitted).

The Court finds that the local claims asserted in this matter are better left to the Superior Court of the Virgin Islands. Accordingly, the Court will decline to exercise supplemental jurisdiction over the territorial claims. *See, e.g.*, *Sapphire Beach Resort & Marina Condo. Ass'n v. Pacheco-Bonanno*, Civ. No. 2002-50, 2007 U.S. Dist. LEXIS 94337, at *15-16 (D.V.I. Dec. 20, 2007) (declining to exercise supplemental jurisdiction because "the dispute that gives rise to this action is better handled by the local courts"). Thus, the Court will dismiss the remaining territorial claims.

Finally, as discussed above, the Court's order dismissing the first complaint described the specificity necessary to state a claim under the Rule 9(b) pleading requirements. In the amended complaint, Catalus and VVS have again failed to meet these requirements. "A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002)(citation omitted). Because Catalus and VVS were put on notice of the first complaint's deficiencies but failed to correct those deficiencies in the amended

complaint, Catalus and VVS will not again be granted leave to amend.

An appropriate Judgment follows.

                                                    S\_____
                                                      **CURTIS V. GÓMEZ**
                                                      **District Judge**